**FILED**

OCT - 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For The District of Columbia

Aaron Wynn, Pro Se- Petitioner,
(D.C.D.C. # 259-936
1901 "E" Street, S.E., E1A-
Washington, D.C., 20003;

V.

Michael J. Gaines, Et Chairman,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815;

    Respondent's,

And

Warden Fred E. Figueroa, (Custodian),
Warden C.C.A. (D.C)
1901 "E" Street, S.E.
Washington, D.C., 20003; Respondent.

_Civil Action No._
_____

CASE NUMBER  1:05CV01974

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 10/05/2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SEP 2 8 2005

RECEIVED

Application And Petition For (The Great Writ Of Habeas
Corpus) To Order Respondents Michael J. Gaines, Et Al,
Forthwith Re-Instate This Pro Se Petitioner For Their
Violations Of Their Own Procedural Rules Of 28 C.F.R. §2.105 (c)
(1)

    1

And Violations of 28 C.F.R. §2.70 Et Seq., Where Petitioner Seek's Relief Under (The Great Writ of Habeas Corpus) Authority Pursuant To 28 U.S.C. §2241(A)

Comes now, the pro se-petitioner, AARON WYNN, (D.C.Q.C.# 259-936 whom respectfully moves this Honorable Court in the above entitled cause for relief pursuant to 28 U.S.C. §2241(A). As grounds for the Great Writ's authoritive power the petitioner respectfully states:

Jurisdiction

Jurisdictional Authority is vested pursuant to 28 U.S.C. §2241(A). See Alamo v. Clay, 137 F.3d 1366, 329 U.S. App. D.C. 128 (1998).

Jurisdictional Authority is further vested in Respondent's Michael J. Gaines, Et Al., Chairman, United States Parole Commission is within the "Territorial Jurisdiction" of this Honorable Court where Respondent's have detained this petitioner in custody in Violation of 28 C.F.R. §2.105 (c) And 28 C.F.R. § 2.70 Et Seq.,

(2)

Which has in essence failed to provide petitioner with a prompt determination of probable cause or a timely revocation decision. Here, Respondents Michael J. Gaines, Et Al, Chairman, United States Parole Commission, stand's in violation of their own ("old regulations") and their ("new regulations") cited in Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001).

See Also Whitney V. Dick, 202 U.S. 132, 26 S. Ct. 384, 50 L. Ed. 963

See Moore V. Dempsey, 261 U.S. 86, 43 S. Ct. 265, 67 L. Ed. 543,

Tumey V. Ohio, 273 U.S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A.L.R. 1243.

See U.S.C.A. Const. Amend V., ((Due Process Clause).

Jurisdictional Authority is further vested within petitioners custodian, i.e., "jailer," being Warden Fred E. Figueroa, has detained petitioner on behalf of Respondent Michael J. Gaines, Et Al, Chairman, United States Parole Commission's ("Warrant") that stand's in violation of petitioners procedural due process safeguards where said

parties violated 28 C.F.R. § 2.105 (C) and 28 C.F.R. § 2.70 Et Seq.

Whereas, the Court is authorized to exercise its constitutional duty here, this matter is "ripe" for further litigation.

See In re Tripati, 836 F. 2d 1406, 267 U.S. App. D.C. 58 (1988).

See Also U.S.C.A. Const. Art I, § 9; 28 U.S.C. § 2241(c)(3).

See Guerra v. Meese, 786 F. 2d 414 (D.C. Cir. 1986);

Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495,

93 S.Ct. 1123, 1129, 35 L. Ed. 2d 443 (1973);

Jones v. Cunningham, 83 S.Ct. 373 (1963).

Based upon these litigated facts, Respondent's Michael J. Gaines, Et Al., Chairman, United States Parole Commission, has failed in providing petitioner with a ("prompt determination of probable cause") or ("a timely revocation decision") as outlined in: Long v. Gaines, 167 F. Supp. 2d 75 (D.C. 2001).

(3-A)

See _Ex parte Endo_, 323 U.S. 283, 304-307, 65 S. Ct. 208, 219-220, 89 L. Ed. 243 (1944)

Note: See _Anderson v. Corall_, 263 U.S. 193, 196, 44 S. Ct. 43, 68 L. Ed. 247 (1923)("While [parole] is an amelioration of punishment, it is in legal effect imprisonment"). Von Hentig, Degrees of Parole Violation and Graded Remedial Measures, 33 J. Crim. L. & Criminology 363 (1943).

See _Ex parte Hull_, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941).

See Article I, Section 9 of the Constitution.

See The Judiciary Act of 1789, 1 Stat. 81 c. 20 §14 (1789).

See The Act of February 5, 1867, 14 Stat. 385 c. 28 (1867).

See _Jones v. Cunningham_, 435, 83 S. Ct., at 847.

See _Smith v. Hooey_, 89 S. Ct. 575 (1969)

See _Klopfer v. North Carolina_, 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1, _United States v. Ewell_, 383 U.S. 116, 120, 86 S. Ct. 773, 776, 15 L. Ed. 2d 627

See 28 U.S.C. §2241(c)(3).

See _Secretary of State for Home Affairs v. O'Brien_, [1923] A.C. 603, 609 (H. L.).

Here, this matter is "ripe" for litigation in the federal court.

(4)

We note, in the circumstances of this case the matter lies within a narrow compass. Uninterruptedly from the first Judiciary Act (Section 14 of the Act of September 24, 1789, 1 Stat. 73, 81), to the present day (Section 262 of the Judicial Code, 28 U.S.C. §377, 28 U.S.C.A. §377), the Courts of the United States have had powers of an auxiliary nature 'to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law'. In Whitney v. Dick 202 U.S. 132, 26 S. Ct. 584, 50 L. Ed. 963, here the Court recognised that there was power for the Circuit Court of Appeals to issue the writ 'where it may be necessary for the exercise of a jurisdiction already existing'. 202 U.S., at pages 136, 137. 26 S. Ct. at pages 586, 50 L. Ed. 963.

(4-A)

*See* *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 1054-1055, 29 L. Ed. 277 (1885).

*See* *Ahrens v. Clark*, 335 U.S. 188, 68 S.Ct. 1443, 92 L. Ed. 1898 (1948).

## Custodian

Here, petitioners custodian is: Warden <u>Fred E. Figueroa</u>, Warden, C.C.A. (D.C.), 1901 "E" Street, S.E., Washington, D.C., 20003.

The party whom detain's petitioner "illegally" and "unconstitutionally" is: <u>Michael J. Gaines</u>, <u>Et Al</u>, Chairman, United States Parole Commission. *See* 28 U.S.C. § 2241(A).

*See Also* *Ahrens v. Clark*, 335 U.S. 188, 68 S.Ct. 1443, 92 L. Ed. 1898 (1948); *Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 1054-1055, 29 L. Ed. 277 (1885).

*See* *In the Matter of Jackson*, 15 Mich. 417, 439-440 (1867), quoted with approval in *Ex parte Endo*, 323 U.S. 283, 306, 65 S.Ct. 908, 220, 89 L. Ed. 243 (1944). *See Also* *Ahrens v. Clark*, 335 U.S., at 196-197, 68 S.Ct., at 1447.

(5)

## Pro Se Litigated Status

See Haines V. Kerner, 404 U.S. 519, 520 (1972)

See Habeas Corpus Act of 31 Charles II., c. 2.

## Statement of The Case

Here the petitioner Aaron Wynn, D.C. D.C # 259-936, a resident of the District of Columbia, was arrested for ("Carrying Pistol Without a License") in or around 2003. The United States Parole Commission lodged its ("parole violator warrant against petitioner in or around June 12th, 2003") and has since failed to provide the

(6)

petitioner with ("any") pre-liminary inter-view

to determine ("probable cause") for their warrant

regarding petitioners ("new arrest") in: United States of

America v. Aaron Wynn, United States District Court Case

03-269, formally before the Honorable United States

District Court Judge Richard J. Leon. This petitioner

has been detained by the "Warrant" from the United

States Parole Commission for over "26" months todate,

without a single ("probable cause") pre-liminary

inter-view by the United States Parole Commission.

Here, Respondents Michael J. Gaines, Et Al, regulations

and procedures, codified in 28 C.F.R. § 2.70 et seq.,

failed to provide this parolee, i.e., the petitioner

Aaron Wynn, D.C.D.C. # 259-936, with either a

(7)

prompt determination of (probable cause) or A timely final revocation decision. <u>See</u> <u>Morrissey v. Brewer</u>, 443 F. 2d 942 (1971). <u>See</u> <u>Morrissey</u>, 408 U.S. at 488, 92 S.Ct. 2593. The Court said that a parolee is entitled to a final parole revocation hearing within a "reasonable time", it held that a revocation hearing held <u>sixty days</u> from the "<u>date of</u> <u>Arrest</u>" would not be <u>unreasonable</u>. 408 U.S. at 488, 92 S.Ct. 2593.

Here, petitioner has been illegally and unconstitutionally detained by Respondent's <u>Michael J. Gaines</u>, <u>et al</u>, for over "<u>26</u>" month's, is <u>overwhelmingly prejudical</u> and <u>excessive</u>, and violativily violative of the <u>Due Process</u> <u>Clause</u> of the Fifth Amendment of the United States Constitution. <u>See</u> <u>Long v. Gaines</u>, 167 F. Supp. 2d 75 (D.D.C. 2001).

(8)

## Arguments

(1) The regulations governing the determination of Probable cause are facially ignored by Respondents Michael J. Gaines, Et Al, United States Parole Commission And

(2) Regulations governing final parole revocations decisions are likewised ignored by Respondents Michael J. Gaines, Et Al, United States Parole Commission;

(3) Said failures to comply with their own procedural regulations are violative of Procedural Due Process under the Fifth Amendment of the United States Constitution.

(4) The (Great Writ of Habeas Corpus) 28 U.S.C. §2241(A) should be granted here forthwith.

## Arguments II.

In long standing the United States Supreme Court in: Morrissey Brewer, 443 F. 2d 942 (1971). See Morrissey, 408 U.S., at 488, 92 S. Ct. 2593. The Court said that a parolee is entitled

(9)

to a final parole revocation hearing within a "reasonable time," it held that a revocation hearing held sixty days from the date of arrest would not be unreasonable. 408 U.S. at 488, 92 S.Ct. 2593.

Thus, the Court established that a parolee's constitutional rights extend to both a prompt determination of probable cause and a revocation hearing held within a reasonable period of time.

In the present case before this Honorable Court, the petitioner Aaron Wynn, @.C.D.C. #259-936, has been detain without either Constitutional entitlement as set forth in Morrissey for

Said is violative of the Due Process Clauses of the Fifth Amendment.

See Long v. Gaines, 167 F. Supp. 2d 75 (D.D.C. 2001).

See Also Morrissey, 408 U.S. at 488, 92 S.Ct. 2593.

## Arguments III.

The purpose of this interview, according to the regulations, is to determine if there is probable cause to believe that the parolee has violated his parole as charged. 28 C.F.R. § 2.101(a).

(10)

In the words of the Commission's own arguments in past litigations, the interview, "gives the parolee a chance to rebut the finding, rebut satisfactory evidence."

We note that the Commission's procedures, governed by 28 C.F.R. § 2.98, and § 2.101, provide for a multifaceted determination of probable cause. First, before a parole violation warrant is issued, the regulations require that the Commission find that "satisfactory evidence" exists, that the parolee has committed the alleged parole violation. The Commission's handbook specifically states that the satisfactory evidence requirement is "less stringent than the probable cause standard." United States Parole Commission Rules & Proc. Man. At 211.

However, Michael Stover, the Commission's General Counsel, in: Long V. Gaines, 167 F. Supp. 2d 75 (D.D.C. 2001), when presented with this precise issue, stated to the Court that the satisfactory evidence standard is the (same) as that of probable cause. "I think that it is absolutely clear that as we

(11)

have defined satisfactory evidence, and in fact the Chairman said so in a published regulation, that the two are equivalent." Statement of Michael Stover, 7/16/01 Tr. at 83.

In Long v. Gaines, 167 F. Supp. 2d 75 (D.D.C. 2001), p. 85, the Court said it is troubling to the Court that the Commission's interpretation of this standard is directly contrary to the explanation provided in the Commission's own handbook.

In addition to this initial determination of satisfactory evidence, the Commission's interpretation, i.e., regulations call for a more comprehensive determination of probable cause. Following the execution of a revocation warrant based on probable cause, the Commission's regulations entitle parolees to a preliminary interview. One purpose of this interview, according to the regulations, is to "determine if there is probable cause to believe that the parolee has violated his parole as charged." 28 C.F.R. §2.101 (A).

As presented, the petitioner Aaron Wynn, (D.C.D.C. # 259-936, has been detained in ("limbo") for

As such, the Fifth Amendment's (Due Process Clause has been

(12)

Violated here. See Also Bolling V. Sharpe, 347 U.S. 497, 74 S. Ct. 693, 98 L. Ed. 884 (1954)(The Fifth Amendment's Due Process Clause extends to the District of Columbia).

## Argument IV.

The United States Parole Commission Regulations At issue here: The Commission enacted the following, presently challenged, Regulations in order to govern the Parole Revocation process: · 28 C.F.R. § 2.98 (A)(2):

If a parolee is Alleged to have violated the conditions of his release, and satisfactory evidence thereof is presented, the Commission ... May issue a warrant for Apprehension and return of the offender to custody.

· 28 C.F.R. § 2.101(A): A parolee who is retaken on a warrant issued by the Commission shall promptly be offered a preliminary interview ... The purpose of the preliminary interview is to determine if there is probable

(13)

cause to believe that the parolee has violated his parole as charged.

• 28 C.F.R. § 2.101(d): At the conclusion of the preliminary interview, the interviewing officer shall inform the parolee of his recommendation decision as to whether there is probable cause to believe that the parolee has violated the conditions of his release, and shall submit to the Commission a digest of the interview together with the recommended decision.

• 28 C.F.R. § 2.101(d)(2): If the interviewing officer's recommended decision is that there is probable cause to believe that the parolee has violated a condition (or conditions) of his release, the Commissioner shall notify the parolee of the final decision concerning probable cause within 21 days of the date of the preliminary interview.

(14)

- 28 C.F.R. § 2.102(f): A local revocation hearing shall be scheduled to be held within sixty days of the probable cause determination. Institutional revocation hearings shall be scheduled to be held within ninety days of the date of the execution of the violator warrant upon which the parolee was taken.

- 28 C.F.R. § 103(A): The purpose of the revocation hearing shall be to determine whether the parolee has violated the conditions of his release and, if so, whether his parole or mandatory release should be revoked or reinstated.

- 28 C.F.R. § 2.103(d): All evidence upon which the finding of violation may be based shall be disclosed to the alleged violator at or before the hearing. The hearing officer or examiner panel may disclose documentary evidence by permitting the alleged violator to examine the document during the hearing, or where appropriate, by reading or summarizing the document in the presence of the alleged

(15)

Violator.

· 28 C.F.R. § 2.105 (c): The Commission's [final revocation] decision shall ordinarily be issued within 21 days of the hearing, excluding weekends and holidays.

Here, Respondent's Michael J. Gaines, Et Al, Chairman, United States Parole Commission has prejudically violated every rule and regulation presented here for the Court's review. Clearly, due process of law has been overwhelmingly, prejudically violated here. Petitioner has been detained on Respondent's Michael J. Gaines, Et. Al, Chairman, United States Parole Commission's Warrant for over "26" Months without a "single" (procedural determination) or visit from the United States Parole Commission.

This petitioner has in essence been delt with more harsher and denied basic rehabilitative programs because of

(16)

Respondent's <u>Michael J. Gaines, Et Al.</u>, Chairman, United States Parole Commission's Warrant.

## Argument V.

It is without question, that petitioners' allegations that the Commission's regulations, as written and as applied, failed to provide prompt findings of ("probable cause") or ("timely revocation hearings,") clearly state a claim upon which relief may be granted here. The Supreme Court in <u>Morrissey V. Brewer</u>, Court, held that parolee's retain a "liberty interest" in their freedom, and that such an interest requires that a determination of ("probable cause") be made promptly after the arrest of a parolee. 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L. Ed. 2d 484 (1972). This requirement was further defined by the Court's decision in <u>County of Riverside V. McLaughlin</u>, 500 U.S. 44, 111 S.Ct. 1661, 114 L. Ed. 2d 49 (1991).

(17)

In County of Riverside, the Supreme Court held that Arrestees, whose suit under §1983 alleged that the county had failed to provide prompt determinations of probable cause and thus had violated due process, were entitled to such a finding within 48 hours of Arrest. 500 U.S. at 45, 111 S.Ct. 1661.

The Court noted that it had previously established in Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L. Ed. 2d 54 (1975), that the determination must be made promptly, and defined promptly as a decision made within 48 hours. 500 U.S. at 45, 111 S.Ct. 1661.

The Supreme Court has also established that a parolee is entitled to a final parole revocation hearing within a reasonable time from the date of Arrest. Morrissey, 408 U.S. at 488, 92 S.Ct. 2593. While the Court was unwilling to define the parameters of what constitutes a "reasonable time," it held that a revocation hearing held sixty days from the date of Arrest would not be unreasonable. 408

(18)

U.S. at 488, 92 S. Ct. 2593. Thus, the Court established that a parolees' Constitutional rights extend to both a ("prompt determination of probable cause) and (" a revocation hearing held with a reasonable period of time.")

In the present case, before this Honorable Court, "26 months" is "prejudically excessive "and" violative" of the Due Process Clause of the Fifth Amendment of the United States Constitution and the Bill of Rights.

Wherefore, based upon these facts, the Great Writ of Habeas Corpus, 28 U.S.C. §2241(a), should be granted forthwith and that petitioner be Ordered re-instated to Conditional release.

This being the 5 day of ___September___ 2005, A.D.

Aaron Wynn   259-936

Aaron Wynn, (D.C.)(D.C. # 259-936

C.C.A. (D.C.)

1901 "E" Street, S.E., E1A-

Washington, D.C., 20003

(19)

# Sworn Declaration

I, _Aaron Wynn_, D.C.D.C.# 259-936,

Hereby Certify's, Verify's, Swears Under Federal Penalty of Perjury, That The Information And Statements Made Here By Me Are True And Correct To The Best of My Knowledge And As To That I Swear Them To Be True.

_Aaron Wynn   259-936_
Aaron Wynn, D.C.D.C.# 259-936
Swearer

This being the 5 day of _September_ 2005, A.D.

_Aaron Wynn   259-936_
Aaron Wynn, D.C.D.C.# 259-936
C.C.A. (D.C.)
1901 "E" Street, S.E., E1A-
Washington, D.C., 20003

(20)

Aaron Wynn   259-936

Aaron Wynn, D.C.D.C.# 259-936
(C.C.A. (D.C.)
1901 "E" Street, S.E., E1A-
Washington, D.C., 20003.