UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON WYNN, )<br>      Petitioner, )<br>  v. )<br>            )<br>MICHAEL J. GAINES, CHAIRMAN, )<br>UNITED STATES PAROLE COMMISSION, )<br>et al., )<br>      Respondent. )<br>_____)  | Civil Action No. 05-1974 (EGS) |

### UNITED STATES PAROLE COMMISSION'S MOTION TO DISMISS PETITIONER'S *PRO SE* PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission ('the Parole Commission" or "the Commission"), by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its motion to dismiss petitioner's *pro se* petition for a writ of habeas corpus ("Petition"). Petitioner alleges that his probable cause hearing and his parole revocation hearing have been unduly delayed, and requests that he be reinstated to parole. Although his revocation hearing was delayed somewhat, both hearings have now been held. Accordingly, for the reasons set forth more fully below, this Court should dismiss the Petition as moot.

### PROCEDURAL HISTORY

On March 16, 1998, petitioner was sentenced in U.S. District Court in Case No. CR-97-111 to three to nine years' incarceration for carrying a pistol without a license. *See* Exhibit A, judgment and commitment order. On April 29, 2002, the U.S. Parole Commission granted petitioner parole from this sentence, to occur on July 13, 2002, with a sentence expiration date of September 9, 2006. *See* Exhibit B, Commission notice of action; Exhibit C, parole certificate. However, petitioner had another sentence to serve as the result of a parole violation. *See* Exhibit

C at 1; Exhibit F, sentence computation, at 3-4. Petitioner was ultimately released to supervision in the D.C. metropolitan area on May 2, 2003, after he had completed the outstanding parole violator sentence. *See* Exhibit F at 4; Exhibit K, prehearing assessment, at 2.

Later that same month, on May 30, 2003, petitioner was arrested and detained on new charges of carrying a pistol without a license, possession of unregistered firearm, possession of unregistered ammunition and felon in possession of a firearm. *See* Exhibit D, report of alleged violations, at 1; Exhibit E, warrant and warrant application, at 2. By report, dated June 3, 2003, petitioner's community supervision officer requested that the Parole Commission issue a violator warrant for petitioner. *See* Exhibit D at 1. On June 10, 2003, the Commission issued the requested warrant, instructing the U.S. Marshal to place a detainer and assume custody of petitioner upon his release on the new weapons charges. *See* Exhibit E at 1.

Subsequently, on April 25, 2005, petitioner pled guilty to carrying a pistol without a license in U.S. District Court in Case No. CR-03-269. *See* Exhibit I, judgment and commitment order, at 2. On July 21, 2005, defendant was sentenced to 30 months in prison, with credit for time served, followed by a three-year term of supervision. *See id*. at 3-4. On August 19, 2005, upon completion of the 30-month sentence, the Commission's outstanding parole violation warrant was executed. *See* Exhibit E at 5; Exhibit K at 2.

Petitioner received a probable cause hearing on August 26, 2005, at which he admitted to the law violation. *See* Exhibit G. That same day, the hearing examiner found probable cause that petitioner had violated the conditions of his parole, based upon his conviction in district court and his admission at the hearing. *See id.* at 2. Petitioner requested an institutional revocation hearing after his transfer to federal custody. *See id.* at 8.

By letter, dated September 22, 2005, the Commission asked the U.S. Probation Office for documentation of petitioner's conviction stemming from his 2003 arrest on gun charges. *See* Exhibit H at 1. On October 12, 2005, the Commission received an official copy of the judgment and commitment order in petitioner's new gun case from the U.S. Probation Office. *See* Exhibit I. Then, in an undated letter, the Commission informed petitioner that it had found probable cause and that petitioner would receive a revocation hearing following his transfer to a federal institution. *See* Exhibit J.

The Commission reviewed petitioner's case on December 5, 2005, calculating his reparole guidelines range at 24-32 months. *See* Exhibit K. Because petitioner's case was past the 90-day time limit for ordinary cases involving an "institutional" revocation hearing, the Commission granted petitioner a revocation hearing at D.C. Correctional Treatment Facility on December 7, 2005, rather than requesting a designation for placement in the Federal Bureau of Prisons, as the Commission ordinarily does in institutional revocation cases. *See* Exhibit L, hearing summary. At the conclusion of this hearing, the presiding hearing examiner recommended that petitioner's parole be revoked, that he receive no credit for time spent on parole and that he be reparoled effective January 29, 2006, after serving 32 months. *See* Exhibit M, hearing order. Petitioner is now awaiting a final revocation decision, as the Commission has not yet voted on his case under 28 C.F.R. § 2.105(c).

ARGUMENT

Petitioner contends that he has not received a "prompt determination of (probable cause) or a timely final revocation decision" (Petition at 8), and he requests that he be "re-instated to conditional release." *Id*. at 19. While there has admittedly been some delay, no relief is

warranted here because the Parole Commission has provided petitioner with both a probable cause hearing and a revocation hearing. Therefore, petitioner's claim is moot, and the Petition should be summarily dismissed.

The record is clear that, prior to the preparation and filing of the instant Petition, petitioner received a probable cause hearing. *See* Exhibit G. Since filing the petition, petitioner has also received a final revocation hearing. *See* Exhibit L. Petitioner appears to contend that he was entitled to these hearings within a "reasonable time" following his re-arrest on new criminal charges in May, 2003. *See* Petition at 19. This contention is without merit.

The Parole Commission and Reorganization Act ("PCRA"), 18 U.S.C. §§ 4201-4218, codifies the due process rights extended to alleged parole violators in *Morrissey v. Brewer*, 408 U.S. 471 (1972). Under the statute, "[i]f any parolee is alleged to have violated his parole, the Commission may ... issue a warrant and retake the parolee." 18 U.S.C. § 4213(a)(2). Once "retaken," the parolee is entitled to a probable cause hearing "without unnecessary delay." 18 U.S.C. § 4214(a)(1)(A); *see also* 28 C.F.R. § 2.48(a). If, as in this case, the parolee admits to the parole violation at the probable cause hearing, the parolee is entitled to a parole revocation within 90 days of the "retaking." *See* 18 U.S.C. § 4214(c).

Petitioner's argument presumes he was "retaken" into custody within the meaning of the PCRA when he was arrested on new charges on May 30, 2005. However, the law is clear that when a parolee has received an intervening sentence, the Commission does not "retake" the parolee until the violator warrant is executed. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976); *United States v. Wickham*, 618 F.2d 1307, 1309 (9th Cir.1979); *see also* 18 U.S.C. § 4213(d); 28

C.F.R. § 2.46(a).[1]  In this case, although petitioner was arrested in May, 2003, for new criminal offenses, he received an intervening sentence, and the Commission's violator warrant was only executed on August 19, 2005.  *See* Exhibit E at 5.  Accordingly, there is no merit to petitioner's claim that the Commission was required to hold his preliminary and revocation hearings two years ago.

To reiterate, by statute and regulation, petitioner's preliminary hearing was to be held "without unnecessary delay" following the execution of the violator warrant.  Petitioner's preliminary hearing took place on August 26, 2005, just seven days after the violator warrant was executed, which certainly qualifies as "without unnecessary delay."  *See*, *e.g.*, *Bailey v. U.S. Parole Comm'n*, 193 WL 35951 at *1 (N.D. Ill. 1993).

On the other hand, the Commission acknowledges that petitioner did not receive a revocation hearing within the 90 days contemplated by its regulations.  *See* 28 C.F.R. § 2.102(f).  Rather, petitioner's revocation hearing was held 110 days following the execution of the violator warrant, a delay of 20 days beyond the Commission's regulatory deadline.

However, the only remedy to which a petitioner is entitled for delay in a parole hearing is a writ of mandamus to compel the hearing.  *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983)(appropriate remedy for 33-month delay in revocation hearing "is a writ of mandamus to compel the Commission's compliance with the statue not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence.").  A writ of mandamus is not

---

[1] If a parolee is convicted of a criminal offense while on parole, his parole violator warrant may be placed as a detainer at the institution where he is serving his new sentence. 18 U.S.C. § 4214(b)(1).  A warrant is not considered executed when it is placed as a detainer, and need not be executed until the new sentence has been served.  *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 848 (9th Cir.1983).

required here, however, because petitioner has now received a parole revocation hearing.

The holding of a parole or parole revocation hearing, however late, moots any claim arising from that lateness, absent a showing of prejudice. *See Sutherland*, *supra*, 709 F.2d at 732; *Crum v. U.S. Parole Comm'n*, 814 F. Supp. 1, 3 (D.D.C.1993). The courts do not sit to adjudicate the merits of a complaint "concerning a controversy which no longer exists and to rule on a question which has become moot and purely academic." *Price v. Wilson*, 32 A.2d 109, 110 (D.C. 1943), quoted in *Banks v. Ferrell*, 411 A.2d 54, 56 (D.C. 1979).

Accordingly, in this case, the Petition is moot because petitioner has not shown, nor even alleged, that he suffered any prejudice as a result of the delay in holding a hearing. *See*, *e.g.*, *Hopper v. U.S. Parole Comm'n*, 702 F.2d 842, 845 (9th Cir.1993); *see also Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir.1994). Plainly, petitioner cannot complain that he has been wrongly held in custody pursuant to the parole warrant, because he has admitted that he has, in fact, violated his parole. *See* Exhibit G. Nor can he credibly argue that the minor delay will prolong his confinement because his likely sentence for the parole violation – 32 months as recommended by the hearing examiner – is still in excess of the time that petitioner has been in custody to date. *See* Exhibit L at 2; Exhibit M.

Furthermore, a D.C. Code parole violator, which petitioner is by his own admission, has no constitutionally-protected liberty interest in gaining a reparole at any time. *See Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987)("the mere fact that the government has established certain procedures does not mean that the procedures thereby become substantive liberty interests entitled to federal constitutional protection under the Due Process Clause.").

In sum, petitioner has received both a probable cause hearing and a parole revocation

6

hearing.  Regrettably, his revocation hearing was delayed somewhat, but petitioner has neither shown or claimed prejudice from that minor delay.  Therefore, he has received all the relief to which he is entitled, and his claim is moot.

## CONCLUSION

For the reasons set forth above, this Petition is moot and should be dismissed.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____/s/_____
ROBERT D. OKUN, D.C. Bar No. 457-078
CHIEF, SPECIAL PROCEEDINGS SECTION

_____/s/_____
STEPHEN W. RIDDELL, D.C. Bar No. 357-756
Assistant United States Attorney
555 4th Street, N.W., Room 10-911
Washington, D.C.  20530
(202) 305-4882

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of a copy of the foregoing U.S. Parole Commission's opposition to petitioner's *pro se* petition for a writ of habeas corpus has been served via U.S. mail upon petitioner, Aaron Wynn, *pro se*, DCDC # 259-936, D.C. Department of Corrections, Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C. 20003. on this the 16th day of December, 2005.

_____/s/_____
STEPHEN W. RIDDELL