# EXHIBIT E

# Memorandum



| | |
|---|---|
| **Subject**<br>Warrant Execution Instructions Regarding:<br>Wynn, Aaron<br>Reg. No. 07641-007<br>DCDC No. 259-936 | **Date**<br><br>June 10, 2003 |
| **To**<br><br>U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Avenue, N.W.<br>Room 7337<br>Washington, D.C. 20001<br>Attn: Warrant Squad | **From**<br><br>Deirdre Jackson<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named parolee. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**The parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave one Warrant and one Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case. If there has been a conviction of an offense committed while under supervision for which a term of imprisonment is authorized by law (even if no term of imprisonment is imposed in this case), do not conduct a preliminary interview unless the Parole Commission specifically orders that one be conducted.

Enclosure

cc: Sharon Barnes-Durbin, SCSA
    CSS Data Management Group
    D.C. Court Services and Offender Supervision Agency
    300 Indiana Avenue, N.W., Suite 2149
    Washington, D.C. 20001

DMJ

Wynn, Aaron
Reg. No. 07641-007   DCDC No. 259-936

U.S. DEPARTMENT OF JUSTICE                          WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION                     D.C. Code Offender

Name............................... Wynn, Aaron

Reg. No .......................... 07641-007                Termination of Supervision...... 9/9/2006
DCDC No. ..................... 259-936                      [If Conviction Offense Before April 11, 1987 And
FBI No ............................ 967841RA8               Offender Is On Mandatory Release, Termination
Birth Date.....................                             Date Is 180 Days Prior To Full Term]
Race............................... Black                   Violation Date .......................... 5/30/2003
Date ............................... June 10, 2003          Released ............................... July 13, 2002

Sentence Length............. 9 years
Original Offense ............ Carrying a Pistol Without a License

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Law Violation – a) Carrying a Pistol without a License; b) Unregistered Firearm; c) Unregistered Ammunition; d) Felon in Possession of a Firearm.** On 5/30/2003, the subject was found in possession of a Smith & Wesson 40 caliber semi-automatic handgun. The weapon contained 10 live rounds of ammunition. The subject was arrested by Washington Metropolitan Police for the above-cited offense on 5/30/2003. This information is contained in the police report dated 5/30/2003. This charge is based on the information contained in the violation report dated 6/3/2003 from Community Supervision Officer Colette Smith. Status of Custody/Criminal Proceedings: In custody; charges pending in U.S. District Court
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**                    Warrant Recommended By:

                                                          _____
Warrant Issued................... **June 10, 2003**       Deirdre Jackson, Case Analyst
                                                          U.S. Parole Commission

Community Supervision Office Requesting Warrant:  **General Supervision Unit VIII, 1418 Good Hope Road**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Wynn, Aaron, Reg. No. 07641-007, DCDC No. 259-936, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 9 years for the crime of Carrying a Pistol Without a License and was on July 13, 2002 released on parole from Rivers Correctional Institution with 1519 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 10, 2003

_____
U.S. Parole Commissioner

Wynn, Aaron
Reg. No. 07641-007    DCDC No. 259-936

## WARRANT For Return Of Prisoner Released To Supervision

| | |
|---|---|
| Name: Wynn, Aaron | Institution: Rivers Correctional Institution |
| Reg. No. 07641-007 | DCDC No. 259-936 |

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of __Columbia__ ss:

Received this writ the __12__ day of __June__, 20__03__, and executed same by arresting the within-named __Aaron Wynn__ this __19th__ day of __August__, 20__05__, at __0400__ and committing him to __DC JAIL__

__G. Welsh__
U.S. Marshal

__[signature]__
Deputy Marshal

Further executed same by committing him to _____ at _____ on _____, 20____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated __6-10-03__

X __Aaron Wynn__     __8-19-05__
Prisoner's Signature     Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

Wynn, Aaron
Reg. No. 07641-007   DCDC No. 259-936