# EXHIBIT G

## D.C. PROBABLE CAUSE HEARING DIGEST

Name................: **Wynn, Aaron**          Date Warrant Executed.: 8·19·2005

Reg. No.............: **07641-007**            Hearing Date........: 8-26-2005

Type of Release.....: **Parole**               Examiner............: R. Howard

Full Term Date When Warrant Issued..: **9/9/2006**     CSO................: **Colette Smith**

---

**Attorney at Probable Cause Hearing:**

[X] PDS       [ ] Other       [ ] None

Name: R. Gonzalez

Address: _____

_____

Phone: _____

**Attorney Representing Subject at Revocation Hearing:**

[X] PDS       [ ] Other       [ ] Unknown

Name: Same

Address: Same

Phone: _____

---

**I. Items Advised** *(Check that the subject has been advised of the following two rights):*

[X] Advised of Right to a Probable Cause Hearing    [X] Advised of Right to Attorney

---

**II. Reason For Not Conducting Probable Cause Hearing**
*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [ ] At Request of Attorney/Prisoner        [ ] Prisoner Unavailable

    [ ] Other Reason: _____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

**Wynn, Aaron**
Reg. No. 07641-007   DCDC No. 259-936

III. Review of Charges:

Charge No. 1 - Law Violation – a) Carrying a Pistol without a License; b) Unregistered Firearm; c) Unregistered Ammunition; d) Felon in Possession of a Firearm.

[X] ADMITS    [ ] DENIES

The Subject's Response:

Based on conviction on 7/15/05 and sentenced to 30 months.

[X] Probable Cause Found. After considering the violation report dated 6/3/2003, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ] No Probable Cause Found

IV. Additional Charges:

V. Outcome of Probable Cause Hearing:

[X] Probable Cause Found on one or more charges, Hold in Custody pending revocation hearing.

[ ] No Probable Cause Found for any charge. Discharge from Custody immediately and

Wynn, Aaron
Reg. No. 07641-007    DCDC No. 259-936


[ ] **Reinstate** to Supervision or  [ ] **Close Case** *{If expiration date has passed}*

[ ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Adverse Witnesses Identified by the Commission:

Name: CSO Colette Smith
Status:____Approved          ____Not Approved          ____Pending Further Review

Name: Officer James Craig; MPD
Status:____Approved          ____Not Approved          ____Pending Further Review

Name: Lt. Mongal; MPD
Status:____Approved          ____Not Approved          ____Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____
Address:_____
Phone No._____
Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review
Reason for Denial:_____

_____

Name:_____
Address:_____
Phone No._____
Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review
Reason for Denial:_____

_____

**Wynn, Aaron**
Reg. No. 07641-007    DCDC No. 259-936

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Wynn, Aaron**
**Reg. No. 07641-007    DCDC No. 259-936**

## IX. Revocation Hearing:

[ ] Local Revocation or          [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail  Date:_____  Time: [ ] am  [ ] pm

[ ] Other at _____

_____

[X] Recommend institutional revocation hearing upon transfer to a federal institution.

Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov

**Recommend Expedited Offer:**                             [ ] Yes    [X] No

**Releasee Waives 20-Day Waiting Period for Expedited Offer:**    [ ] Yes    [ ] No

_____          8/26/05
        Signature                           Date

*Additional Text:*


_____          8/26/05
        Examiner                            Date

**Disclosure Documents:** Pre-Sentence Report, Warrant dated 6/10/2003, Warrant Application dated 6/10/2003, Parole Certificate dated 7/10/2002, Report of Alleged Violations dated 6/3/2003 with attachments


I acknowledge having received the above disclosure documents and a copy of this document.

_____          8/26/05
     Attorney/Prisoner                     Date


Wynn, Aaron
Reg. No. 07641-007    DCDC No. 259-936

| U.S. DEPARTMENT OF JUSTICE | Probable Cause and Revocation |
|---|---|
| United States Parole Commission | Hearing Form for D.C. Code Parolees or Releasees |
| Chevy Chase, MD 20815 | Arrested in the District of Columbia |

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

### Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution) Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING*
The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or

subsequent revocation hearing), you are responsible for the attendance of the witness at appropriate time and place. When a hearing is postponed to obtain witnesses, Commission usually orders a combined probable cause and local revocation hearing.

> I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (In one of the choices below:)

✓ (A) ( ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) ( ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_Aaron W[illegible]_    8/26/05
(Signature of Parolee or Releasee)    (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that appearance of such favorable witnesses is necessary to the proper disposition of your case and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within days of the probable cause finding. If the Commission orders an Institutional revoca hearing, such hearing will be held within ninety days of the date you were retaken or Commission's warrant. If you request postponements of revocation proceedings or actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

( AW ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM N ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I N BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTION REVOCATION HEARING IS ORDERED.

(     ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDER RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOC HEARING ARE AS FOLLOWS:

_____        _____
(Signature of Parolee or Releasee)              (Signature of Hearing Examin

8/26/05                                                  8/26/05
(Date)                                                    (Date)

ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
Before The
UNITED STATES PAROLE COMMISSION

Name: Aaron Wynn          Register No. 07641-007  DCDC No. 259-936

✓ For Probable Cause Hearing                    ✓ For Revocation Hearing
(Select all that apply)

---

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, Aaron Wynn, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
(initials)   I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

A.W.
(initials)   I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

| | employed | unemployed |
|---|---|---|
| I am | | ✓ |
| If employed, state weekly income | | $ |
| If self-employed, state average weekly income | $ | |
| Cash on hand and in bank | | $ |
| Number of dependents | | |
| Property Owned | | |

I certify the above to be correct.

_Aaron Wynn_          8/26/05
(Signature of Applicant and Date)

Witness:
_____
(Signature, Title and Date)

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

---

Return From D.C. Public Defender Service

The above-named applicant will be represented by _____
                                                   (Name and Phone Number)

Please fax this form to the U.S. Parole Commission, Attn: Case Services (301) 492-5525