UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AARON WYNN,                                     ) | |
|                                                 ) | |
|       Petitioner, ) | |
|                                                 ) | Civil Action No. 05-1974 (EGS) |
| v.                                              ) | |
|                                                 ) | |
| MICHAEL J. GAINES, CHAIRMAN,                    ) | |
| UNITED STATES PAROLE COMMISSION,                ) | |
| *et al.*,                                       ) | |
|                                                 ) | |
|       Respondents.) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of petitioner's petition for a writ of habeas corpus and respondents' motion to dismiss the petition.[1] The petition will be denied, and this civil action will be dismissed.

I.  BACKGROUND

On March 16, 1998, petitioner was sentenced by the United States District Court for the District of Columbia to a term of three to nine years' imprisonment for carrying a pistol without a licence.  United States Parole Commission's Mot. to Dismiss Pet.'s *Pro Se* Pet. for a Writ of Habeas Corpus ("Resp't Mot."), Ex. A (Judgment in a Criminal Case, No. CR 97-111).  He was

---

[1] At the time he filed this action, petitioner was incarcerated at the D.C. Jail. He since has been transferred to a Federal Bureau of Prisons facility. According to BOP's inmate locator, petitioner now is incarcerated at Gilmer FCI in West Virginia. Notwithstanding petitioner's transfer, this Court retains jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988).

released on parole effective July 13, 2002, and on that date he began to serve a consecutive sentence resulting from a prior parole violation.  *See id.*, Ex. B (Notice of Action dated April 22, 2002), Ex. C (Certificate of Parole) & Ex. F (Sentence Monitoring Computation Data as of 05-02-2003) at 3-4.  Upon completion of that parole violator sentence, petitioner was released to supervision on May 2, 2003.  *See id.*, Ex. F at 4.

Petitioner was arrested on May 30, 2003 for carrying a pistol without a license and related firearms offenses.[2]  Resp.'t Mot., Ex. D (June 3, 2003 Report of Alleged Violation(s)).  Accordingly, the United States Parole Commission ("Parole Commission") issued a warrant for petitioner's arrest.  *Id.*, Ex. E (Warrant and supporting documents).  Petitioner was returned to custody on June 12, 2003.  *See id.* (Warrant).  Aware that petitioner was in custody awaiting trial or sentencing in a criminal proceeding, the Parole Commission instructed that the warrant be lodged as a detainer.  *Id.* (June 10, 2003 memorandum accompanying warrant application).

On April 25, 2005, petitioner pled guilty to carrying a pistol without a license.  Resp't Mot., Ex. I (Judgment in a Criminal Case, No. CR 03-269).  On July 21, 2005, he was sentenced in the United States District Court for the District of Columbia to a term of 30 months' imprisonment.  *Id.*  The Parole Commission executed its warrant on August 19, 2005 upon completion of that sentence.[3]  *Id.*, Ex. K (D.C. Institutional Revocation Prehearing Assessment)

---

[2]   Petitioner had been found in possession of an unregistered, loaded semi-automatic handgun.  Resp't Mot., Ex. E (Warrant Application).  He was charged with carrying a pistol without a license, possessing an unregistered firearm and unregistered ammunition, and being a felon in possession of a firearm.  *Id.*  If petitioner had committed a crime, he would have violated a condition of his release on parole: that he "shall not violate any law."  *Id.*, Ex. C (Parole Certificate) at 2.

[3]   Petitioner had received credit for time already served.  *See* Resp't Mot., Ex. I.

at 2. At the August 26, 2005 probable cause hearing, petitioner admitted the violation of the conditions of his parole. *Id.*, Ex. G (D.C. Probable Cause Hearing Digest) at 2. Based on petitioner's admission and evidence of his conviction and sentence for the firearms offense, the hearing examiner found probable cause as to the alleged law violation. *Id.*

A hearing examiner conducted petitioner's parole revocation hearing on December 7, 2005. Resp't Mot., Ex. L (Hearing Summary). The Parole Commission accepted the hearing examiner's recommendation to revoke parole, and to re-parole petitioner effective January 29, 2006 after service of 32 months' imprisonment. United States Parole Commission's Supp. to its Mot. to Dismiss Petitioner's *Pro Se* Pet. for a Writ of Habeas Corpus ("Resp't Supp."), Ex. (Notice of Action dated December 21, 2005).

## II.  DISCUSSION

Petitioner argues that the Parole Commission took him into custody pursuant to its parole violator warrant on or about June 12, 2003, and held him for more than 26 months without having conducted a probable cause hearing or a revocation hearing. *See* Pet. at 6-7. This delay, he asserts, is "<u>overwhelmingly prejudicial</u> and excessive, and violativily [sic] violative of the <u>Due Process Clause</u> of the Fifth Amendment of the United States Constitution." *Id.* at 8 (emphasis in original).

Contrary to petitioner's assertion, he found himself in custody on June 12, 2003 as a result of his arrest for new firearms offenses. He already was in custody at the time the Parole Commission issued the parole violator warrant, and, accordingly, the warrant was lodged as a detainer. The Parole Commission had no obligation to execute its warrant until petitioner had completed service of the intervening sentence. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976).

Pursuant to 28 C.F.R. § 2.102(f), an "institutional revocation hearing shall be held within ninety days from the retaking of the parolee on the parole violation warrant." The only remedy available to a parolee whose revocation hearing is delayed is a writ of mandamus to compel the hearing. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). In this case, it appears that petitioner should have had a revocation hearing by November 6, 2005. *See* Resp't Mot., Ex. K. The Parole Commission acknowledges its failure to conduct the hearing timely, and conducted the revocation hearing for December 7, 2005. *See id.* at 5 & Ex. L. Petitioner already has had the revocation hearing, and therefore is not entitled to mandamus relief.

The Court will deny the petition and dismiss ths action. An Order consistent with this Memorandum Opinion will be issued this same day.

Signed:    EMMET G. SULLIVAN
              United States District Judge

Dated:    April 20, 2006